UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JOSEPH RODMAN,                                              **AMENDED**
                                                           **COMPLAINT**
                              Plaintiff,

                                                           15 CV 4042 (ENV) (PK)
              -against-
                                                           <u>Jury Trial Demanded</u>
CITY OF NEW YORK, CLYDE MOYER, Individually,
STEVEN SPOSITO, Individually, PHILIP VACCARINO,
Individually, and MICHAEL FAHMY, Individually,

                              Defendants.

--------------------------------------------------------------------------X

      Plaintiff JOSEPH RODMAN, by his attorneys, the Leventhal Law Group, P.C.,

complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

      1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## <u>JURISDICTION</u>

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## **JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## **PARTIES**

6.      Plaintiff JOSEPH RODMAN is a thirty-seven-year old man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, CLYDE MOYER, STEVEN SPOSITO, PHILIP VACCARINO, and MICHAEL FAHMY were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On April 10, 2014 at approximately 4:15 p.m., plaintiff JOSEPH RODMAN was operating his vehicle on Bloomingdale Road near the intersection of Veterans Road East in Staten Island, New York, when defendants CLYDE MOYER and STEVEN SPOSITO stopped RODMAN's car and arrested him.

13.     During RODMAN's arrest, defendants MOYER and SPOSITO rear handcuffed plaintiff, and placed the handcuffs excessively tight around plaintiff's wrists.

14.     After RODMAN was handcuffed, a dark colored, unmarked NYPD van, driven by defendant PHILIP VACCARINO, arrived at the scene.

15.     Defendant VACCARINO exited the NYPD van, approached defendants MOYER and SPOSITO, and the three defendants engaged in a brief conversation.

16.     After the brief conversation, defendant VACCARINO stated in sum and substance – so he's going in. Defendant VACCARINO then grabbed RODMAN and threw him onto the floor of the rear of the NYPD van downward facing while RODMAN was rear handcuffed.

17.     The rear of the van was windowless and contained two benches that faced each other, perpendicular to the front seat.

18.     RODMAN was not placed on the benches, nor was his body secured in any way. Rather, RODMAN was left prone on the floor in the rear of the van, with his wrists handcuffed behind his back.

19.     Defendants MOYER and SPOSITO watched and failed to intervene as defendant VACCARINO threw plaintiff into the rear of the NYPD van; defendants MOYER and SPOSITO further failed to intervene when defendant VACCARINO did not properly secure

plaintiff inside the rear of the van.

20.     The van doors were closed and there was no light or ventilation in the rear of the van.

21.     Defendant VACCARINO then deliberately drove erratically and recklessly for approximately five hours by repeatedly accelerating and decelerating abruptly, slamming on the breaks, making sharp turns and speeding around corners, causing RODMAN to be thrown around the interior of the NYPD van.

22.     As a result of VACCARINO'S deliberate erratic and reckless operation of the NYPD van, RODMAN's head and body repeatedly hit the back doors of the van, the sides of the van, the benches, and the front metal wall of the van that separated the rear compartment of the van from the front compartment.

23.     Defendant MICHAEL FAHMY was seated in the front passenger seat of the van and did nothing to stop VACCARINO's deliberate erratic and reckless operation of the NYPD van.

24.     During the approximate five-hour drive in the NYPD van, RODMAN  repeatedly told defendants VACCARINO and FAHMY, in sum and substance: that he was injured and in extreme pain and emotional distress; that he suffered from pre-existing medical conditions including anxiety, a torn rotator cuff, pinched nerves in his neck, and chipped bones in his elbow; that the handcuffs were too tight and were causing severe numbness and pain in his hands and wrists; and that he was sliding around the floor of the van causing his head to strike the van.  RODMAN also repeatedly requested that the officers secure him with a seatbelt and loosen his handcuffs, and repeatedly requested medical attention and fresh air.

25.     In response, defendants VACCARINO and FAHMY laughed and stated, in sum

4

and substance, fuck you, shut up.

26.     During the approximate five-hour drive, defendants VACCARINO and FAHMY periodically turned on the lights in the rear of the van for approximately ten seconds, then switched them off again, leaving RODMAN in the dark.

27.     During the approximate five-hour drive, RODMAN suffered an anxiety attack and begged defendants VACCARINO and FAHMY for his medication or medical attention. RODMAN explained to VACCARINO and FAHMY that the medications previously taken from him by defendants MOYER and SPOSITO were RODMAN's legally prescribed anti-anxiety medication.

28.     Defendants VACCARINO and FAHMY responded to RODMAN's request for his medications or medical attention by laughing and stating, in sum and substance, fuck you, shut up, we've had enough of you.

29.     After approximately five hours, NYPD officers finally removed RODMAN from the floor of the van, escorted him inside the 120th NYPD precinct stationhouse, and removed his handcuffs.

30.     Defendants MOYER, SPOSITO, VACCARINO and FAHMY either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, lax investigations of police misconduct, police officers failing to intervene in misconduct by fellow officers, failing to properly secure arrested individuals in prisoner vans while handcuffed, and police officers deliberately driving erratically and recklessly while arrested individuals are unsecured

in the rear of prisoner vans.

32.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, fail to intervene in misconduct by fellow officers, fail to properly secure arrested individuals in prisoner vans while handcuffed, and deliberately drive erratically and recklessly while arrested individuals are unsecured in the rear of prisoner vans.

33.     Defendant CITY OF NEW YORK is further aware that such unconstitutional policies, customs or practices has resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff JOSEPH RODMAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

6

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.    As a result of the foregoing, plaintiff JOSEPH RODMAN sustained, *inter alia*, physical injuries which are progressive and apparently permanent, emotional distress, and deprivation of his constitutional rights.

41.    As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants MOYER, SPOSITO and VACCARINO)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

7

43.     The level of force employed by defendants CLYDE MOYER, STEVEN SPOSITO, and PHILIP VACCARINO was excessive, objectively unreasonable and otherwise in violation of plaintiff JOSEPH RODMAN'S constitutional rights.

44.     As a result of the aforementioned conduct of defendants, plaintiff JOSEPH RODMAN was subjected to excessive force and sustained physical injuries and emotional distress.

45.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983
as to defendants MOYER, SPOSITO and FAHMY)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants CLYDE MOYER, STEVEN SPOSITO, and MICHAEL FAHMY had an affirmative duty to intervene on behalf of plaintiff JOSEPH RODMAN, whose constitutional rights were being violated in their presence by defendant PHILIP VACCARINO.

48.     Defendants MOYER, SPOSITO, and FAHMY failed to intervene to prevent the unlawful conduct described herein.

49.     As a result of the foregoing, plaintiff JOSEPH RODMAN was subjected to excessive force and he was put in fear of his safety.

50.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to

8

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, lax investigations of police misconduct, police officers failing to intervene in misconduct by fellow officers, police officers failing to properly secure arrested individuals in prisoner vans while handcuffed, and police officers deliberately driving erratically and recklessly while arrested individuals are unsecured in the rear of prisoner vans.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOSEPH RODMAN'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

9

54.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEPH RODMAN.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH RODMAN as alleged herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSEPH RODMAN as alleged herein.

57.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSEPH RODMAN was unlawfully subjected to physical and emotional abuse.

58.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH RODMAN'S constitutional rights.

59.     All of the foregoing acts by defendants deprived plaintiff JOSEPH RODMAN of federally protected rights, including, but not limited to, the right:

        A.     To be free from excessive force; and

        B.     To be free from the failure to intervene;

60.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

10

**Supplemental State Law Claims**

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

63.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

65.     Plaintiff has/or will comply with all conditions precedent to maintaining the instant action.

66.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN FOURTH CAUSE OF ACTION**
(Assault under the laws of the State of New York
as to defendants MOYER, SPOSITO, VACCARINO and CITY OF NEW YORK)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants CLYDE MOYER, STEVEN SPOSITO and PHILIP VACCARINO placed plaintiff JOSEPH RODMAN in apprehension of imminent harmful and offensive bodily

contact.

69.     As a result of defendant MOYER, SPOSITO and VACCARINO's conduct, plaintiff JOSEPH RODMAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

70.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(<u>Battery under the laws of the State of New York</u>
<u>as to defendants MOYER, SPOSITO, VACCARINO, and CITY OF NEW YORK</u>)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants CLYDE MOYER, STEVEN SPOSITO and PHILIP VACCARINO made offensive contact with plaintiff JOSEPH RODMAN without privilege or consent.

73.     As a result of defendants' conduct, plaintiff JOSEPH RODMAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York
as to defendants VACCARINO and CITY OF NEW YORK)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants VACCARINO and CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

77.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York
as to defendants VACCARINO, FAHMY and CITY OF NEW YORK)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     The aforementioned conduct of defendants PHILIP VACARRINO, MICHAEL FAHMY, and CITY OF NEW YORK was extreme and outrageous, and exceeded all reasonable bounds of decency.

80.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

13

81.     The aforementioned conduct was committed by defendants VACCARINO and FAHMY while acting in furtherance of their employment by defendant CITY OF NEW YORK.

82.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

83.     As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

87.     As a result of the foregoing, plaintiff JOSEPH RODMAN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

14

**WHEREFORE**, plaintiff JOSEPH RODMAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        January 15, 2016

LEVENTHAL LAW GROUP, P.C.
Attorneys for Plaintiff JOSEPH RODMAN
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600

By:     s/_____
        JASON LEVENTHAL (JL1067)

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH RODMAN,

                                   Plaintiff,            15 CV 4042 (ENV) (PK)

       -against-

CITY OF NEW YORK, CLYDE MOYER, individually,
STEVEN SPOSITO, Individually, PHILIP VACCARINO,
Individually, and MICHAEL FAHMY, Individually,

                                   Defendants.

------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600